IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01951-LTB

CHRISTOPHER CARR,

    Applicant,

v.

MIKE MILLER, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER

    This matter is before the Court on the "Motion Pursuant to Rule 61 Harmless Error" (ECF No. 14) filed *pro se* by Applicant on January 23, 2014. Applicant seeks permission to refile a notice of appeal from the Court's Order of Dismissal (ECF No. 12) and the Judgment (ECF No. 13) entered in this action on October 3, 2013. Plaintiff also has filed on January 23, 2014, a letter that has been docketed as a Notice of Appeal (ECF No. 17), a "Motion for Appointment of Counsel" (ECF No. 15) and a "Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24" (ECF No. 16).

    The Court must construe the pending motions liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motions will be denied.

    Applicant seeks permission to refile a notice of appeal in this Court because he allegedly received erroneous advice from legal clerks at the prison in which he is incarcerated that led him to submit his original notice of appeal directly to the Tenth Circuit. He alleges in the letter docketed as a notice of appeal (ECF No. 17) that he

filed the original notice of appeal in the Tenth Circuit on October 18, 2013; he wrote to the Tenth Circuit on November 18, 2013, inquiring about the status of motions he submitted with the notice of appeal; and he received a response from the Tenth Circuit stating that the Tenth Circuit had not received the notice of appeal.  Applicant has submitted as an exhibit a copy of a letter from the Chief Deputy Clerk of the Tenth Circuit dated November 21, 2013, stating that Applicant did not have a case pending in the Tenth Circuit and advising Applicant that an appeal is initiated by filing a notice of appeal in the district court where the case originated.  (*See* ECF No. 17 at 2.)  Applicant also has submitted as an exhibit a copy of an Outgoing Restricted Inspection Mail Log that indicates he mailed something to the Tenth Circuit on October 18, 2013.  (*See id.* at 3.)

Pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a notice of appeal in a civil case generally must be filed with the clerk of the district court within thirty days after the judgment or order appealed from is entered.  As noted above, the Court's Judgment in this action was entered on October 3, 2013.  Therefore, the thirty-day period to file a notice of appeal expired on November 4, 2013,[1] and Applicant's notice of appeal filed on January 23, 2014, is untimely.  Based on Applicant's allegations in the "Motion Pursuant to Rule 61 Harmless Error" and the letter docketed as a notice of appeal, the Court construes the "Motion Pursuant to Rule 61 Harmless Error" liberally as both a motion to extend the time to file a notice of appeal and to reopen the time to file a notice of appeal.

The Court first will address whether the time to file a notice of appeal may be extended.  Pursuant to Rule 4(a)(5)(A), the Court may extend the time to file a notice of appeal if the party moves for an extension of time within thirty days after the time

---

[1] The thirtieth day after October 4, 2013, was Saturday, November 2, 2013.  Therefore, the time to file a notice of appeal was extended until the following Monday.  *See* Fed. R. App. P. 26(a)(1)(C).

provided in Rule 4(a) expires and the party shows excusable neglect or good cause. The liberally construed motion for an extension of time will be denied because the motion, which was filed more than thirty days after November 4, 2013, is untimely. Furthermore, even if the motion was timely, the Court finds that Applicant fails to demonstrate excusable neglect or good cause.  Although Applicant was advised by letter dated November 21, 2013, that the Tenth Circuit had not received the notice of appeal he allegedly submitted to that court, Applicant failed to take any further action until filing the "Motion Pursuant to Rule 61 Harmless Error" and other documents in this Court on January 23, 2014.

The Court next will address whether the time to file a notice of appeal may be reopened.  Pursuant to Rule 4(a)(6), the Court may reopen the time to file a notice of appeal if three conditions are met.  One of the conditions is that the moving party did not receive notice of entry of the judgment or order sought to be appealed within twenty-one days after the judgment or order was entered.  It is apparent that Applicant received timely notice of the Court's Order of Dismissal and Judgment because he alleges that he filed a notice of appeal on October 18, 2013.  Therefore, the liberally construed motion to reopen the time to file a notice of appeal also will be denied.

In summary, whether the "Motion Pursuant to Rule 61 Harmless Error" is construed as a motion for an extension of time to file a notice of appeal or as a motion to reopen the time to file a notice of appeal, the motion must be denied.  Applicant's "Motion for Appointment of Counsel" (ECF No. 15) and the "Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24" (ECF No. 16) will be denied without prejudice to being refiled in the Tenth Circuit.  Accordingly, it is

ORDERED that the "Motion Pursuant to Rule 61 Harmless Error" (ECF No. 14) is DENIED.  It is

FURTHER ORDERED that the "Motion for Appointment of Counsel" (ECF No. 15) and the "Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24" (ECF No. 16) are DENIED without prejudice to being refiled in the Tenth Circuit.

DATED at Denver, Colorado, this  29th  day of    January    , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court